Paul G. Komarek Mexico Beach Town Attorney Lynn Haven
QUESTION:
May the Town of Mexico Beach impose a license tax on boats used within the town limits?
SUMMARY:
Until judicially or legislatively determined to the contrary, a municipality, although expending funds for the operation and maintenance of a canal within its limits, is not authorized to impose a license tax on boats operating within its limits.
You state that the Town of Mexico Beach has expended funds to operate and maintain a canal located within the town limits and is interested in shifting some or all of the cost of such operation and maintenance to the canal's users by means of imposing a license tax on boats operated within the town. You therefore inquire as to whether such a license tax may be imposed on boats which are used within the town limits. This opinion is thus confined to a consideration of the imposition of excise or license taxes by a municipality.
Under the 1968 Revised Constitution, the authority of a municipality to tax, with the exception of ad valorem taxes, must be contained in general law. See s. 1(a), Art. VII, State Const., which states:
 No tax shall be levied except in pursuance of law. No state ad valorem taxes shall be levied upon real estate or tangible personal property. All other forms of taxation shall be preempted to the state except as provided by general law. (Emphasis supplied.)
Section 9(a), Art. VII, State Const., similarly limits the taxing powers of municipalities by providing in pertinent part that municipalities may be authorized by general law to levy taxes other than ad valorem taxes. With regard to the imposition of license taxes on boats, s. 1(b), Art. VII, State Const., provides that `[m]otor vehicles, boats, airplanes . . . as defined by law, shall be subject to a license tax for their operation in theamounts and for the purposes prescribed by law, but shall not be subject to ad valorem taxes.' (Emphasis supplied.)
It is thus clear from the foregoing constitutional provisions that, except for ad valorem taxes, municipalities may be granted the power to levy an excise or license tax only by general law; and any municipal excise or license tax not so authorized must necessarily fall by virtue of the aforecited constitutional preemption provisions. See City of Tampa v. Birdsong Motors, Inc.,261 So.2d 1 (Fla. 1972), and Belcher Oil Co. v. Dade County,271 So.2d 118 (Fla. 1972) (municipality may exercise taxing power only to the extent to which such power has been specifically granted to it by general law). See also AGO's 076-186 and 074-270.
Section 166.201, F. S., provides that a municipality may raise, by taxation and licenses authorized by the constitution or general law or by user charges or fees authorized by ordinance, amounts of money which are necessary for the conduct of municipal government. This office, however, has previously recognized that this statutory provision does not grant any taxing power. See, e.g., AGO's 076-186 and 074-270. You refer in your letter to ch. 212, F. S., which generally provides for and sets forth a comprehensive scheme of state taxation on sales, uses, and other transactions; however, you have not brought to the attention of this office, nor am I aware of, any provision of that chapter which would authorize a municipality to impose the type of license tax being considered in the instant inquiry. The tax levy established in ch. 212 is a general tax on the purchase of, inter alia, boats, not a tax on the use of the waters of the state or operation thereon. In any event, pyramiding or duplication of this tax is prohibited. See s.212.081(3)(b).
Part I of ch. 371, F. S., the Florida Boat Registration and Safety Law, provides for the registration and licensing of boats used or operated on the waters of the state. See s. 371.041, requiring every motorboat using the waters of the state to be registered and numbered within 10 days after purchase by the owner, except as specifically exempted, and prohibiting the operation of such boats on such waters unless the boat is so registered and numbered upon its purchase. See also s. 371.65, as amended by ch. 80-274, Laws of Florida, establishing the schedule for classification and licensing of motorboats. Section 371.62 declares:
 It is the legislative intent that boats be licensed uniformly throughout the state. The purpose of ss. 371.63-371.68 is to make licensing and registration procedures similar to those of automobiles and airplanes, all of which are power-driven either on land or air or water, as motor vehicles or motorboats and to provide for a boat registration license fee and certificate . . . .
See s. 371.051(1)(a), which states that the Department of Natural Resources shall issue all licenses, and the tax collectors of the state shall be agents of the department for the purpose of issuing licenses and collecting the fee therefor. See also ss. 371.171 and 371.65(3), regarding the distribution of these fees. Part I, ch. 371, does not, however, provide for or appear to authorize the imposition of a general municipal license tax on all boats using the waters within the municipal limits. It therefore appears that the Legislature has failed to specifically grant by general law the power to municipalities to impose such a general license tax. Thus ss. 1(a) and (b) and 9(a), Art. VII, State Const., and the provisions of part I, ch. 371, operate to effectively preempt this form of taxation to the state and to inhibit the imposition of such a tax by a municipality.
Section 371.63, F. S., however, does provide a limited exception to the state's power to register and license boats by stating that, while boats registered as provided therein (except live-aboard vessels assessed as tangible personal property) are declared to be motor vehicles and shall be taxed and certified as such,
 nothing in this section shall be construed to prohibit any municipality that expends money for the patrol, regulation, and maintenance of any lakes, rivers, or waters in such municipality from regulating such boats resident in such municipalities and charging a license fee therefor. All moneys received from such fee shall be expended for the patrol, regulation, and maintenance of the lakes, rivers, and waters of such municipality. (Emphasis supplied.)
Cf. s. 371.59, F. S., stating that part I, ch. 371, F. S., does not prevent the adoption of any ordinance or local law relating the the operation and equipment of vessels, provided that no such ordinance or local law may apply to the Florida Intracoastal Waterway or be in conflict with ch. 371 or amendments thereto or rules promulgated thereunder. Thus, pursuant to the provisions of s. 371.63, it would appear that municipalities are not prohibited from imposing, under certain conditions, a regulatory license fee on boats resident in the municipality. Cf. AGO 065-7, in which the construction of a similar statute was considered and, to the extent that the opinion construes language identical to the present statute, in which this office stated that `such license taxes imposed by the municipality appear to be in the nature of regulatory fees earmarked to be used only for the patrol, regulation and maintenance of the lakes, rivers and waters of the municipality, and not available for general municipal purposes.' Section 371.63 does not, however, appear to provide for the imposition of a general municipal license tax on boats and vessels, nor does maintenance of a waterway alone appear to authorize the imposition of a general license fee under this statute.
Prepared by: Joslyn Wilson, Assistant Attorney General